IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN BRITNER and<br>KRISTINE BRITNER (h/w) | : | |
| | : | |
| Plaintiffs | : | No. _____ |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| BOROUGH OF AVALON | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |
| | : | |

## Civil Action Complaint

1. Plaintiff Kevin Britner ("Plaintiff") is an adult individual and citizen of the Commonwealth of Pennsylvania who resides and intends to remain at 919 Washington Avenue, Sellersville, Pennsylvania 18960.

2. Plaintiff Kristine Britner ("Plaintiff Spouse") is an adult individual and citizen of the Commonwealth of Pennsylvania who resides and intends to remain at 919 Washington Avenue, Sellersville, Pennsylvania 18960.

3. At all times relevant hereto, Plaintiff and Plaintiff Spouse were and remain lawfully married.

4. Defendant Borough of Avalon ("Defendant") is a municipality created, organized, and existing under the laws of the State of New Jersey, with its administrative offices located at 3100 Dune Drive, Avalon, Cape May County, New Jersey 08202.

5. Plaintiffs are not from the same state as Defendant, and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of the action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

6. Defendant was, at all time relevant hereto, the owner, controller, and possessor of a public boat ramp and boat launch facility, Avalon Bay Park Marina, located at 5400 Ocean Drive in the Borough of Avalon, New Jersey (the "Premises").

7. At all times relevant hereto, including on July 20, 2024, Kevin Britner ("Plaintiff") was a business invitee and seasonal boat ramp permit holder of Defendant's Avalon Bay Park Marina, who was lawfully upon the Premises proceeding with all due care and caution when, suddenly and without warning, Plaintiff was caused to slip and fall as of a result of a thick coating of green algae, silt, mud, sediment, moss, and/or organic biofilm, causing unreasonably slimy, slick, and slippery conditions on the boat ramp upon the Premises.

8. The boat ramp surface was coated with green algae, silt, mud, sediment, moss, and/or organic biofilm which had accumulated due to inadequate maintenance, oversight, construction, and/or design, rendering the surface unreasonably dangerous for its foreseeable and intended uses.

9. Defendant was negligent in their maintenance and/or control of the Premises, in that a dangerous condition was allowed to form, exist, and/or remain upon the Premises despite Defendant's actual and constructive notice.

10. Defendant's negligence created a reasonably foreseeable and substantial risk of injury, including the risk of the specific permanent injury sustained by Plaintiff.

11. Plaintiffs hereby demand a trial by jury, as to all issues so triable.

## COUNT I - Negligence
## Kevin Britner v. Borough of Avalon

12. Plaintiffs incorporate herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

13. At all times relevant hereto, Defendant had a duty to maintain its public property in a reasonably safe condition for ordinary and foreseeable use, to inspect the Premises for dangerous

conditions, and to take reasonable steps to warn and otherwise protect lawful invitees such as Plaintiff against known or reasonably discoverable dangerous conditions of the Premises.

14. Defendant had actual and constructive notice of the dangerous condition of the boat ramp upon the Premises.

15. Despite such notice, Defendant failed to take steps to remedy or warn of the dangerous condition of the boat ramp upon the Premises.

16. The dangerous condition of the boat ramp upon the Premises existed for such a period of time and was of such an obvious nature that Defendant was and/or should have been aware of it, providing a sufficient time prior to Plaintiff's injury to address it.

17. On July 20, 2024, at approximately 10:15am, Plaintiff, while exercising reasonable care, was lawfully upon the Premises when he slipped and fell on the boat ramp due to the aforesaid slimy, slick, and slippery conditions, causing Plaintiff to sustain serious and permanent injury (including a fractured right wrist requiring surgery), pain, suffering, disability, wage loss, loss of quality of life, and medical and economic expenses.

18. The negligence, carelessness, and/or palpable unreasonableness of Defendant included:

   a. Failing to power-wash, wash, or otherwise treat the boat ramp to remove and prevent the build-up of algae and organic biofilm material;

   b. Failing to act upon actual and/or constructive knowledge of the ramp's unreasonably dangerous condition to correct it;

   c. Allowing the treacherous and dangerous condition of the boat ramp to form, exist, and remain for an unreasonable period of time;

   d. Failing to conduct routine inspections, monitoring, assessments, and/or basic maintenance of the ramp surface;

   e. Failing to post temporary or permanent warning signage alerting users to unreasonably slimy, slick, and slippery conditions;

  f. Failing to resurface and/or texture the ramp in a manner reasonably safe for foreseeable wet, sunny, and warm conditions; and,

  g. Upon information and belief, failing to adopt or implement any duly-approved plan or design for construction and/or improvement of the boat ramp, despite the existence of reasonably safer and/or less expensive design alternatives that would have prevented the dangerous condition upon the Premises.

19. Defendant's actions and/or inactions in maintaining, overseeing, constructing, and/or designing the Premises created a reasonably foreseeable risk of injury to business invitees such as Plaintiff and other members of the public using Defendant's boat ramp upon the Premises with all due care and caution.

20. Defendant's actions and/or inactions in maintaining, overseeing, constructing, and/or designing the Premises were palpably unreasonable, in that the use of reasonable prudence would have caused Defendant to mitigate the risks of a foreseeably and visibly slimy, algae-covered ramp, particularly in the warm summer months.

21. Plaintiff's aforesaid injuries were directly and proximately caused by the individual, joint, and/or several negligence, carelessness, and palpable unreasonableness of Defendant, directly and vicariously through their employees and/or agents acting in the course and scope of their duties.

22. Defendant is vicariously liable for the negligent actions, inactions, and ministerial conduct of their employees and/or agents acting in the course and scope of their duties.

WHEREFORE, Plaintiff Kevin Britner respectfully requests that this Honorable Court grant judgment in his favor and against Defendant Borough of Avalon in an amount in excess of seventy-five thousand dollars ($75,000) for damages and interest, together with any other relief the Court deems equitable and just.

## COUNT II - Per Quod Claim - Negligence
## Kristine Britner v. Borough of Avalon

23. Plaintiffs incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

24. Plaintiff Spouse Kristine Britner is the legal spouse of Plaintiff Kevin Britner.

25. As a direct and proximate result of the individual, joint, and/or several negligence, carelessness, and palpable unreasonableness of Defendant Borough of Avalon, by and through its employees and/or agents acting in the course and scope of their duties as set forth above, Plaintiff Spouse has suffered and may in the future suffer the loss of her spouse's financial assistance, household assistance, companionship, affection, and/or comfort; and Plaintiff Spouse has expended and may in the future expend specific time, care, and/or treatment on behalf of the Plaintiff.

WHEREFORE, Plaintiff Kevin Britner and Plaintiff Spouse Kristine Britner respectfully request that this Honorable Court grant judgment in their favor and against Defendant Borough of Avalon in an amount in excess of seventy-five thousand dollars ($75,000) for damages and interest, together with any other relief the Court deems equitable and just.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

By: /s/ Shayna Shorr
Shayna Shorr, Esq.
sshorr@ostrofflaw.com
NJ Attorney I.D. No. 324002020
518 T. Township Line Road, Suite 100
Blue Bell, PA 19422
*Attorney for Plaintiffs*
(610) 279-7000